1

2

3

4                              UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    DRISHTICON, INC.,                         Case No. 24-cv-02443-HSG

8                    Plaintiff,                **ORDER RESOLVING CROSS
                                               MOTIONS FOR SUMMARY
9            v.                                JUDGMENT**

10   UNITED STATES CITIZENSHIP AND             Re: Dkt. Nos. 28, 30
     IMMIGRATION SERVICE,
11
                     Defendant.
12

13          Pending before the Court are the parties' cross motions for summary judgment.  Dkt. Nos.

14   28 ("Pl. Mot."), 30 ("Def. Mot.").  The Court finds these matters appropriate for disposition

15   without oral argument and the matters are deemed submitted.  *See* Civil L.R. 7-1(b).  For the

16   reasons detailed below, the Court **DENIES** Plaintiff's motion for summary judgment and

17   **GRANTS** Defendant's cross-motion.

18   **I.    BACKGROUND**

19          Under the Immigration and Nationality Act, United States Citizenship and Immigration

20   Services ("USCIS") grants a limited number of EB-1C visas.  *See* 8 U.S.C. § 1153(b)(1)(C).

21   These visas are reserved for "certain multinational executives and managers," who perform a

22   "managerial or executive" role at their employer's office in the United States.  *Id.*

23          In June 2018, Plaintiff Drishticon, Inc. ("Drishticon"), an IT company with offices in

24   Silicon Valley and Mumbai, filed an I-140 petition seeking to classify its employee,

25   Vijayalekshmy Radhakrishnan, as an EB-1C multinational manager.  Dkt. No. 35-4

26   (Administrative Record or "AR") at 2722.  Ms. Radhakrishnan sought to join Drishticon United

27   States as a "Senior Manager Advance Technology," which was the same position that she

28   occupied for Drishticon India from November 2013 to June 2015 and again from February 2016 to

United States District Court
Northern District of California

1    May 2017. *Id.* at 1166, 1170, 1174.

2          In December 2020, USCIS informed Drishticon that it intended to deny the petition for

3    several reasons, including: (1) a USCIS site visit to Drishticon's Mumbai office revealed that the

4    company "did not have any employees and was not doing business"; (2) a visit to its California

5    headquarters determined that "there were no employees assigned to work at the headquarters

6    location"; and (3) a State Department investigation concluded that Drishticon "provid[ed] false

7    information" regarding its projects. AR at 2082–89. USCIS formally denied the petition in May

8    2023, AR at 1161–1208, and Drishticon appealed. USCIS's Administrative Appeals Office

9    upheld the denial. AR at 2–5. Drishticon now challenges USCIS's decision to deny its I-140

10   petition for Ms. Radhakrishnan's EB-1C visa, and USCIS cross-moves for summary judgment.

## II.   LEGAL STANDARD

12         The Court's review in this action is governed by the Administrative Procedure Act

13   ("APA"). *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 558

14   (1978); 16 U.S.C. § 1855(f)(1); 5 U.S.C. § 706(2)(A)–(D). "Agency action is valid if a reasonable

15   basis exists for the agency's decision." *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008)

16   (cleaned up). "[T]he function of the district court is to determine whether or not as a matter of law

17   the evidence in the administrative record permitted the agency to make the decision that it did."

18   *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir. 1985). Summary judgment is an

19   appropriate procedural mechanism "for deciding the legal question of whether the agency could

20   reasonably have found the facts as it did." *Id.* at 770.

21         The Court applies the APA's arbitrary and capricious standard of review. This standard is

22   deferential, presuming the agency action to be valid and affirming if there is a reasonable basis for

23   the decision. *Ranchers Cattlemen Action Fund v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1115 (9th

24   Cir. 2007). Under this standard, the Court must set aside a final agency decision if it is "arbitrary,

25   capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

26   Conversely, the Court must uphold an agency decision where "evidence before the agency

27   provided a rational and ample basis for its decision." *Nw. Motorcycle Ass'n v. U.S. Dep't of*

28   *Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). In conducting its review, the Court "determine[s]

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

1    whether the [agency] has considered the relevant factors and articulated a rational connection

2    between the facts found and the choices made." *Midwater Trawlers Coop v. Dep't of Comm.*, 282

3    F.3d 710, 716 (9th Cir. 2002).  The Court may not "substitute its judgment for that of the agency,"

4    and its "review is limited to the administrative record."  *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

5    The Court reviews the agency's legal determinations de novo and its factual findings for

6    substantial evidence.  *See Zerezghi v. United States Citizenship & Immigr. Servs.*, 955 F.3d 802,

7    814 (9th Cir. 2020).

8    **III.    DISCUSSION**

9        **A.    USCIS Complied with 8 C.F.R. § 103.2(b)(16)(i)**

10       The parties first dispute whether USCIS violated 8 C.F.R. § 103.2(b)(16)(i).  When an

11   agency issues an adverse decision based on some "derogatory information" unknown to petitioner,

12   8 C.F.R. § 103.2(b)(16)(i) generally mandates that the agency inform the petitioner about this

13   information and provide an opportunity to supply an "explanation, rebuttal, or [other]

14   information."  *See* 8 C.F.R. § 103.2(b)(16)(i).  Drishticon asserts that USCIS withheld "critical

15   information" until "after the decision" and that the "notice the agency did provide was vague, and

16   incorrect" in violation of 8 C.F.R. § 103.2(b)(16)(i).  Pl. Mot. at 16–17.  The Court disagrees.

17       In its notice of intent to deny petitioner's application, USCIS informed Drishticon about:

18   (1) the Mumbai site visit; (2) the California site visit; (3) the results of those visits; (4) the State

19   Department investigation into Drishticon's business practices; and (5) the results of that

20   investigation, including several specific contracts that were unverified.  AR at 2082.  According to

21   Drishticon, the notice did not supply "an explanation as to what false information was presented"

22   and incorrectly stated that Drishticon "failed to provide proof of payment from its clients."  Pl.

23   Mot. at 17.  But the notice plainly informs Drishticon of information USCIS deemed to be false.

24   For instance, the notice reports the complete absence of employees at both offices even though the

25   company "does not allow for offsite employment," and describes misrepresentations concerning

26   in-house projects and contracts.  AR at 2082.  As for Drishticon's assertion that USCIS

27   mischaracterized Drishticon's client payment evidence, ambiguous language—not affirmative

28   falsification—appears to be at issue.  USCIS's notice states that petitioner "failed to submit

3

1    evidence . . . that the petitioner was being paid by these companies." *Id.* at 2083.  The State

2    Department report, meanwhile, states both that "Drishticon is/was being paid regularly" and that

3    Drishticon's representative "failed to respond" when "asked if all of his submitted contracts

4    provided income."  Dkt. No. 35-5 at 19.  While the USCIS notice could have been more precise in

5    addressing the alleged contract payment discrepancies, Drishticon "was aware of the information

6    against [it]," which is all that 8 C.F.R. § 103.2(b)(16)(i) "requires . . . of the government."  *Hassan*

7    *v. Chertoff*, 593 F.3d 785, 789 (9th Cir. 2010).  *See Ogbolumani v. Napolitano*, 557 F.3d 729, 735

8    (7th Cir. 2009) ("[T]he regulation does not require USCIS to provide, in painstaking detail, the

9    evidence of fraud it finds . . . . [and] nit-picking the exact characterization of the evidence would

10   overstep [the Court's] limited role.").  Accordingly, the Court finds that USCIS complied with 8

11   C.F.R. § 103.2(b)(16)(i).

12        **B.    USCIS's Decision was not Arbitrary or Capricious**

13        Drishticon challenges three USCIS findings, arguing that the agency ignored relevant

14   evidence.  Pl. Mot. at 17.  USCIS, in turn, contends that these findings were reasonable and

15   supported by the record.  Def. Mot. at 19–27.

16        **i.    The Managerial Nature of Drishticon's U.S. Position**

17        The parties first dispute whether USCIS disregarded evidence indicating that Ms.

18   Radhakrishnan would serve in a managerial position in the United States.  Pl. Mot. at 17–20; Def.

19   Mot. at 19–20.  To qualify for an EB-1C visa, petitioner must intend to work "in a capacity that is

20   managerial or executive."  8 U.S.C. § 1153(b)(1)(C).[1]  Petitioner bears the burden of proof to

21   demonstrate that Ms. Radhakrishnan met this requirement.  *See* 8 U.S.C.A. § 1361.

22        USCIS found that Drishticon did not establish that Ms. Radhakrishnan's work would be

23   "primarily managerial or executive in nature," concluding instead that the "position appeared akin

24   to . . . a first-line supervisor."  AR at 4.  This determination, as articulated in USCIS's initial 23-

25   page decision and its four-page appellate decision, was based on several factors, including: (1)

26   discrepancies regarding staffing levels and organizational hierarchy, which suggested insufficient

27

28   _____

     [1] "Managerial capacity" is defined at 8 U.S.C. § 1101(a)(44)(A); *see also* 8 C.F.R. § 204.5(j)(2).

United States District Court
Northern District of California

1    staff to "relieve[] [her] from significant involvement in the day-to-day operations of its business,";

2    (2) substantial concerns over "the actual number of employees and where they were employed,"

3    based on two site visits to empty offices and incomplete payroll data; and (3) Ms. Radhakrishnan's

4    job description, which delineated "duties . . . of a first-level supervisor," rather than those

5    associated with a qualifying managerial role.  AR 1170–73.

6           The record does not support Drishticon's assertion that USCIS disregarded evidence

7    concerning Ms. Radhakrishnan's role.  To the contrary, USCIS evaluated an extensive and

8    evolving record—multiple organizational charts, tax forms for Ms. Radhakrishnan's subordinates,

9    Drishticon tax forms, employee attestations, and at least two job descriptions for Ms.

10   Radhakrishnan's position.  Drishticon directs the Court's attention to much of this evidence in its

11   motion.  *See* Pl. Mot. at 18.  But "[i]t is not the reviewing court's task to make its own judgment

12   about the appropriate outcome," because "[t]he court's responsibility is narrower: to determine

13   whether the agency complied with the procedural requirements of the APA."  *San Luis & Delta-*

14   *Mendota Water Auth. v. Locke*, 776 F.3d 971, 994 (9th Cir. 2014) (internal citations and

15   quotations omitted).

16          Here, it is apparent that USCIS "examine[ed] the relevant data and articulate[d] a

17   satisfactory explanation for its action."  *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State*

18   *Farm Mut. Automobile Ins. Co.,* 463 U.S. 29, 43 (1983); *see Mt. St. Helens Mining & Recovery*

19   *Ltd. P'ship v. United States*, 384 F.3d 721, 728 (9th Cir. 2004) ("[A] reviewing court must

20   determine whether an agency's decision was based on a consideration of the relevant factors and

21   whether there has been a clear error of judgment.").  In determining that Drishticon did not

22   establish managerial capacity, USCIS examined the structure, staffing, and payroll of Drishticon's

23   California office, as well as Ms. Radhakrishnan's job description.  The connection between this

24   evidence and USCIS's determination is easily discernable.  *See Alaska Dep't of Env't*

25   *Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004) ("Even when an agency explains its decision

26   with less than ideal clarity, a reviewing court will not upset the decision on that account if the

27   agency's path may reasonably be discerned.").  USCIS, for instance, considered that (1)

28   Drishticon only supplied payroll records for a limited number of Ms. Radhakrishnan's supposed

subordinates and (2) no employees were present when USCIS visited the company's alleged offices, to conclude that Drishticon had not met its burden to show that Ms. Radhakrishnan would serve in a managerial or executive role.  AR at 4.  USCIS did not commit a "clear error of judgment" in reaching that determination.[2]

###    ii.    The Managerial Nature of Drishticon's India Position

To establish EB-1C visa eligibility here, Drishticon was also required to show that Ms. Radhakrishnan was previously employed abroad in a qualifying managerial or executive capacity. *See* 8 C.F.R. § 204.5(j)(2).  USCIS determined that the record did not support such a showing. Drishticon contests this finding, arguing that USCIS "ignored relevant record evidence" that Ms. Radhakrishnan was employed in a managerial capacity in India.  Pl. Mot. at 20.

Drishticon's payroll data and organizational chart for its India office, as well as Ms. Radhakrishnan's job description in India, support USCIS's determination.  Payroll data, for example, indicated that from April 2016 to December 2020 there were five months where the company "had only 1 employee, 11 months only had 2 employees, and 19 months only had 3 employees."  AR at 1178.[3]  These staffing levels, combined with site visits to empty offices, create rational concerns as to whether (1) Drishticon was operating as a business; (2) Ms. Radhakrishnan had subordinates; and (3) Ms. Radhakrishnan's role involved qualifying managerial tasks. Moreover, Drishticon both acknowledged that "the beneficiary's duties abroad and her U.S. position were the same" and supplied USCIS with job descriptions outlining duties that Ms. Radhakrishnan "will perform."  AR at 1178; Pl. Mot. at 20.  While such job descriptions could bear on Ms. Radhakrishnan's role in the United States, they are of little probative value in assessing Ms. Radhakrishnan's *prior* duties in India.

---

[2] Drishticon also argues that USCIS "fails to understand" that, under C.F.R. 204.5(j)(4)(i), a petitioner is a qualifying manager by virtue of the fact that she manages or supervises professional employees.  Pl. Mot. at 18.  The Ninth Circuit has rejected this argument.  *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1069 (9th Cir. 2008) (holding that managing employees is not dispositive and reiterating that petitioner must establish that she primarily performs managerial tasks and is assigned managerial responsibilities).

[3] According to Drishticon, Ms. Radhakrishnan worked in its India office from February 2016 to May 2017.  AR at 1177.

Drishticon does not appear to contest the legitimacy or accuracy of this record, including the job descriptions, staffing levels, and payroll data. Instead, Drishticon contends that USCIS ignored certain evidence regarding the number of employees Ms. Radhakrishnan supervised, the "duties performed in the position," and the company's organization. Pl. Mot. at 20. But USCIS's decision reflects clear consideration of each of these issues. On the basis of the uncontested record alone, there is a rational connection between the discrepancies USCIS identified and its determination that Drishticon did not meet its burden. In short, the Court finds that the agency "made a rational analysis and decision on the record before it." *Nat'l Wildlife Fed. v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 927 (9th Cir. 2008).

### iii.    The Continuous Business Requirement

A petition for a multinational executive or manager must establish that "[t]he prospective United States employer has been doing business for at least one year" and that this employer is "the same employer or a subsidy or affiliate" of the applicant's overseas employer. 8 C.F.R. § 204.5(j)(3). This means that Drishticon was required to show that both Ms. Radhakrishnan's foreign and domestic employers were entities that "do business."[4] USCIS found that Drishticon did not meet this burden with respect to either Drishticon United States or Drishticon India, concluding that there was insufficient evidence of "engage[ment] in the regular, systematic and continuous provision of goods and services." AR at 5. Drishticon asserts that USCIS "ignored relevant record evidence" that Drishticon United States and Drishticon India were "continuously doing business." Pl. Mot. at 21–23.

Drishticon does not specify exactly what evidence USCIS purportedly ignored; instead, it argues that the administrative record does not support the agency's finding. *See* Pl. Mot. at 21–23; Dkt. No. 31 at 9. However, as to Drishticon India, the record indicates that (1) the company had only one or two employees for a 16-month period; (2) no employees were present during a USCIS site visit; and (3) some payroll and tax forms were contradictory, appeared fabricated, or were

---

[4] "Doing business" is defined as "the regular, systematic, and continuous provision of goods and/or services by a firm, corporation, or other entity and does not include the mere presence of an agent or office." 8 C.F.R. § 204.5(j)(2).

unauthenticated.  AR at 1181–84.  USCIS acknowledged that petitioner submitted significant

evidence about its business dealings and that this evidence established that Drishticon India "was

still in existence."  AR at 5.  Drishticon points to much of this same evidence in its briefing, and

USCIS appears to agree that this evidence lends some support to Drishticon's position.  But

"[w]here the agency has relied on relevant evidence [such that] a reasonable mind might accept as

adequate to support a conclusion . . . [the] court must affirm the agency's finding . . . [e]ven [i]f

the evidence is susceptible of more than one rational interpretation."  *Ctr. for Biological Diversity*

*v. Esper,* 958 F.3d 895, 910 (9th Cir. 2020) (internal quotations and citation omitted).  Drishticon

appears to object to the conclusion that USCIS drew from the evidence as a whole, but USCIS

"articulated a satisfactory explanation for its action, including a rational connection between the

facts found and the choice made."  *Innova Sols., Inc. v. Baran*, 983 F.3d 428, 431 (9th Cir. 2020).

An agency decision is not arbitrary or capricious simply because some evidence might be read to

conflict with a particular finding.  Here, there is "relevant evidence as reasonable minds might

accept as adequate to support" USCIS's decision, "even if it is possible to reach a contrary result

on the basis of the evidence."  *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1147 (9th Cir. 2005);

*see Zerezghi*, 955 F.3d at 814.  Accordingly, the Court sustains USCIS's finding as to Drishticon

India.

Finally, Drishticon challenges USCIS's determination that it failed to show "continuous

business" in the United States.  *See* Dkt. No. 31 at 10; Pl. Mot. at 23.  According to Drishticon, (1)

"there is no rational connection between the volume of evidence provided by the Plaintiff and the

conclusion that Drishticon is not continuously doing business," and (2) "[t]he agency provides no

logical justification for why the evidence is insufficient."  *Id*.  However, USCIS supplied several

reasons why Drishticon's evidence was insufficient, including a lack of "independent, objective

evidence" and verified or certified documents.  AR at 5, 1179–80.  The record contains ample

evidence of business activities like contracts, tax forms, invoices, and payroll records.  But many

of these documents are incomplete, unverified, or simply inadequate to show that Drishticon

United States engaged in the "regular, systematic, and continuous provision of goods and/or

services."  For instance, Drishticon supplied information from Wells Fargo indicating that it had

United States District Court
Northern District of California

three active Wells Fargo accounts. AR at 1179. The existence of these accounts might indicate that Drishticon United States engaged in banking transactions, but they cannot be said to establish "regular, systematic, and continuous" business activity. The Court accordingly concludes that a reasonable basis exists for USCIS's determination.

In light of the evidence supporting USCIS's decision, USCIS's articulation of its decision, and the deferential standard the Court applies in reviewing this decision, the Court denies Drishticon's motion for summary judgment, Dkt. No. 28, and grants USCIS's cross-motion for summary judgment, Dkt. No. 30.

## IV.    CONCLUSION

Plaintiff's motion for summary judgment, Dkt. No. 28, is DENIED. Defendant's cross-motion for summary judgment, Dkt. No. 30, is GRANTED. The Clerk is directed to enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated:    7/11/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California